**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LINDA K. STEVENS,<br>　　　　Appellant, | DOCKET NUMBER<br>CH-0831-15-0222-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　Agency. | DATE: July 1, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda K. Stevens, Saint Joseph, Missouri, pro se.

Kristopher Lee Rogers, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that she was not entitled to a lump-sum death benefit under the Civil Service Retirement System (CSRS) based on the death of her brother. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant's brother (the decedent) was a Federal employee covered under CSRS until his death on December 25, 2012. Initial Appeal File (IAF), Tab 9 at 17, 26-27, Tab 16 at 6. Prior to his death, on November 28, 2011, the decedent completed a designation of beneficiary form, designating the appellant as his sole beneficiary.[2] IAF, Tab 9 at 25, Tab 16 at 6. The decedent submitted the form to his employing agency, the Defense Commissary Agency (DeCA), by June 22, 2012, 6 months prior to his death. IAF, Tab 9 at 25, Tab 16 at 6. However, OPM did not receive the form until March 2013, more than 2 months after the decedent's death, when DeCA first forwarded a copy of the form to OPM. IAF, Tab 16 at 4, 8.

---

[2] The decedent completed a Federal Employees' Retirement System (FERS) designation of beneficiary form. IAF, Tab 16 at 6. However, the decedent was covered under CSRS, not FERS. IAF, Tab 9 at 26-27.

¶3     Approximately a month after the decedent's death, the appellant filed an application with OPM for the decedent's lump-sum death benefit.[3]  IAF, Tab 9 at 13-16.  In a February 21, 2014 final decision, OPM found that the appellant was not eligible to receive the decedent's lump-sum death benefit because the decedent's designation of beneficiary form was not received by OPM prior to his death.[4]  *Id*. at 10-11.

¶4     The appellant appealed OPM's final decision to the Board.[5]  IAF, Tab 1. She did not request a hearing.  *Id*. at 3.   After considering the evidence and argument submitted by the parties, the administrative judge issued an initial decision affirming OPM's final decision.  IAF, Tab 19, Initial Decision (ID) at 1, 4.   The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition to the petition for review.   Petition for Review (PFR) File, Tabs 1, 4.

¶5     Under 5 U.S.C. § 8342(c), lump-sum CSRS benefits first shall be paid to "the beneficiary or beneficiaries designated by the employee or Member in a

---

[3]  Again, although the decedent was covered under CSRS, IAF, Tab 9 at 26-27, the appellant used a FERS application form, *id*. at 13.

[4]  Previously, OPM issued an April 17, 2013 final decision finding that the appellant was not entitled to the decedent's lump-sum death benefit, but OPM subsequently rescinded that decision.  *See Stevens v. Office of Personnel Management*, MSPB Docket No. CH-0831-13-0726-I-1, Initial Decision at 2 (Aug. 13, 2013).

[5]  The appellant's Board appeal form was executed on February 28, 2014, seven days after OPM issued the February 21, 2014 reconsideration decision.  IAF, Tab 1 at 3. However, the appellant erroneously submitted the appeal form to OPM, rather than the Board.  *Id*. at 1.  OPM forwarded the appeal form to the Board on January 20, 2015.  *Id*. at 1, 15.  The administrative judge issued several orders requiring the parties to submit evidence and argument regarding the timeliness of the appeal, IAF, Tabs 4, 10, 12, Tab 15 at 2, but ultimately, did not make any finding regarding whether the appeal was timely, IAF, Tab 19, Initial Decision.  We decline to resolve whether the appeal was timely because we affirm the administrative judge's finding that the appellant is not entitled to relief on the merits.  *See Alcantara v. Office of Personnel Management*, 88 M.S.P.R. 61, ¶ 4 (2001) (finding that the Board would not resolve whether an administrative judge had correctly dismissed an appeal as untimely filed without good cause shown, where the appellant was not entitled to relief on the merits).

signed and witnessed writing received in the Office before his death." OPM's implementing regulation at 5 C.F.R. § 831.2005(a) provides that a designation of beneficiary "must be in writing, signed, and witnessed, and received in OPM before the death of the designator."[6]

¶6    The Board has held that, pursuant to 5 U.S.C. § 8342(c) and 5 C.F.R. § 831.2005(a), a CSRS designation of beneficiary form filed with an employing agency that is not received by OPM prior to an employee's death is ineffective, even if OPM did not receive the form due to the employing agency's delay in forwarding it to OPM. *See Davis v. Office of Personnel Management*, 76 M.S.P.R. 423, 424, 426 (1997) (finding that a designation of beneficiary form was ineffective when it was not received by OPM prior to an employee's death, although the employee submitted it to his employing agency prior to his death and approximately 3 months before it was received by OPM), *aff'd*, 168 F.3d 1316 (Fed. Cir. 1998) (Table); *Finch v. Office of Personnel Management*, 72 M.S.P.R. 221, 223, 227 (1996) (same).

¶7    Here, it is undisputed that, although the decedent submitted his designation of beneficiary form to DeCA prior to his death, he died before OPM received the form. IAF, Tab 9 at 17, Tab 16 at 4, 6, 8. Therefore, the administrative judge correctly found that the decedent did not effectively designate the appellant as his beneficiary and that she was not entitled to his lump-sum death benefit. ID at 4.

---

[6] In the initial decision, the administrative judge erroneously cited "5 C.F.R. § 834.205(a)" in support of this same requirement. ID at 3. However, the administrative judge's error was not prejudicial to the appellant's substantive rights because the applicable regulation, 5 C.F.R. § 831.2005(a), sets forth the same requirement relied on by the administrative judge. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8     On review, the appellant argues that the decedent intended to designate her as his beneficiary and that it would be unfair to deny her the decedent's benefit.[7] PFR File, Tab 1 at 5.  However, regardless of the decedent's intent, 5 U.S.C. § 8342(c) and 5 C.F.R. § 831.2005(a) do not afford OPM or the Board discretion to award beneficiary status to a person who was not designated as a beneficiary in a form received by OPM prior to the decedent's death.  *See Finch*, 72 M.S.P.R. at 227 (finding that, although the result was contrary to a decedent's wishes, the Board could not award CSRS lump-sum benefits to an individual designated as a beneficiary on a form that was not received by OPM prior to the decedent's death); *Landsberger v. Office of Personnel Management*, 50 M.S.P.R. 13, 17 (1991) (finding that an administrative judge erred in considering a decedent's intent because 5 U.S.C. § 8342(c) did not afford OPM or the Board any discretion to award beneficiary status to a person not designated as a beneficiary in a form properly filed with OPM), *aff'd*, 956 F.2d 1174 (Fed. Cir. 1992) (Table).

¶9     While we are sympathetic to the appellant's situation, it is well-established that the Government cannot be estopped from denying benefits not otherwise permitted by law, even if the denial of such benefits may seem unfair.  *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990).  Furthermore, 5 U.S.C. § 8432(c) sets forth a statutory order of precedence for the payment of lump-sum CSRS benefits and because the decedent did not effectively designate the appellant as a beneficiary, other individuals in the order of precedence may be legally entitled to the decedent's benefit.[8]  Accordingly, for

---

[7] The appellant also argues that she applied for the decedent's benefit in a timely manner.  PFR File, Tab 1 at 3.  However, OPM did not deny the appellant's application on the ground that it was untimely, IAF, Tab 9 at 10-11, and the administrative judge did not affirm OPM's final decision on the ground that the appellant's application was untimely, *see* ID.  Therefore, we need not address this argument further.

[8] On review, the appellant contends that, if the Board does not award her the decedent's lump-sum benefit, it "will go to the [G]overnment."  PFR File, Tab 1 at 5.  Instead, pursuant to 5 U.S.C. § 8342(c), if there are no designated beneficiaries, the order of precedence in the payment of a lump sum benefit is:  (1) a widow or widower of the

these reasons and the reasons discussed above, we find no basis to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

---

employee; (2) children of the employee and descendants of deceased children by representation; (3) parents of the employee or the survivor of them; (4) the executor or administrator of the employee's estate; (5) other next of kin; and (6) if none of the above, to such other next of kin of the employee as OPM determines to be entitled under the laws of the domicile of the employee at the date of his death. *See* 5 U.S.C. § 8342(c).

for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at <u>http://www.mspb.gov/probono</u> for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.